Fleming v Mustafa (2026 NY Slip Op 01491)

Fleming v Mustafa

2026 NY Slip Op 01491

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-10994
 (Index No. 714487/19)

[*1]Jhunior A. Fleming, et al., appellants,
vZishan Mustafa, et al., respondents.

The Law Office of Hermann P. Gruber, P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered August 26, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered August 26, 2024, the Supreme Court granted the motion. The plaintiffs appeal.
The defendants met their prima facie burden of showing that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). Contrary to the plaintiffs' contentions, they failed to raise a triable issue of fact in opposition, as they failed to offer a reasonable explanation for their gaps in treatment (see Pommells v Perez, 4 NY3d 566, 574; Hwang v Ilgar, 178 AD3d 784, 785).
The plaintiffs' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court